Biggs *v.* The People.

---

SAME TERM. *Before the same Justices.*

ISAAC A. BIGGS *vs.* THE PEOPLE.

What degree of certainty and precision are necessary in an indictment.

Where an indictment for sending a threatening letter with a view of extorting money, alledged the sending of the letter by the defendant, to one A., "with intent to extort· and gain from him the said A. a large sum of money," &c. *Held* that these words sufficiently implied that it was the property of A. which the defendant was aiming at; and that the addition of the words "belonging to the said A." was unnecessary.

*Held also,* that the omission of these words was such a formal defect as, under the statute, (2 *R. S.* 728,) could be disregarded, inasmuch as it did not in any respect tend to the prejudice of the defendant.

A charge of an intent to extort and gain money from A. necessarily implies that it was A.'s property.

Biggs *v.* The People.

ERROR to the general sessions of the city and county of New-York. The plaintiff in error was indicted, together with one Franklin L. Bragg, under the 58th section of the 2d volume of the revised statutes, page 764, 3d ed., for sending a threatening letter with a view and intent to extort money from William B. Astor. The prisoner having been convicted in the court of general sessions, upon the indictment generally, brought this writ of error; upon which the grounds of error alledged were in respect to the form of the indictment. The first count charged that Biggs, the plaintiff in error, and Bragg, on the first day of March, 1849, "feloniously, knowingly, and unlawfully, did send to one Wm. B. Astor, in the city of New-York, with intent to extort and gain from him, the said Wm. B. Astor, a large sum of money, to wit, the sum of $50,000, a certain letter and paper writing." The letter was then set out *in hœc verba ;* concluding to the great damage of the said Wm. B. Astor, against the form of the statute, and *contra pacem.* The second count charged that the said Isaac A. Biggs and Franklin L. Bragg, with the view and intent from the said Wm. B. Astor his money and property to extort and gain, "feloniously and knowingly did deliver and cause to be delivered to the said Wm. B. Astor, a certain letter and paper writing with the name of E. K. Basswood signed and subscribed thereto," setting out the same *in hœc verba ;* and thereby the moneys, goods, chattels and personal property of the said Wm. B. Astor did feloniously attempt to steal, &c. The third count charged that the defendants "with the view and intent from the said Wm. B. Astor his money and property to extort and gain, with force and arms did feloniously and knowingly part with the possession of a certain other threatening letter, (which was set out,) for the purpose that the said threatening letter should be delivered to the said Wm. B. Astor, and thereby the defendants him the said Wm. B. Astor of his money and personal property then and there attempted to rob," &c.

*D. Graham* and *D. E. Sickles,* for the plaintiff in error.
I. The offence for which the defendant is indicted is created by

statute, and the indictment must show in the terms of the statute, the offence committed. (*People* v. *Vanpelt*, 4 *How.* 37, *and cases there cited. Archbold, p.* 49, *and cases there cited. The People* v. *Brooks*, 4 *Denio*, 471. *Anstice* v. *Holmes*, 3 *Id.* 245. *Titus* v. *Follet*, 2 *Hill*, 318. *The People* v. *Payne*, 3 *Denio*, 88. 6 *Hill*, 283.) II. Neither of the counts alledges, either in terms or substantially, the offence described in the statute. III. The first count, which is for sending the letter, omits to alledge that the money extorted "belonged to another;" nor is this omission supplied by the letter set forth in the indictment, which claims the money as belonging to one E. K. Basswood, the writer of the letter. (*The People* v. *Griffin*, 2 *Barb.* 427.) Where a crime is created by statute, the indictment must follow its language. (*Arch. Cr. Pl.* 49, 50. 1 *Chit. Cr. Law*, 281.)

IV. The second count is defective in charging that the defendant parted with the possession of the letter, without alledging that he made it, and parted with it for the purpose of its being delivered or sent. V. The third count is defective, because it does not charge the defendant with making the letter, besides parting with it ; and also in omitting entirely the intent specified in the statute ; without which the offence is incomplete. VI. If any one of the counts be bad the judgment must be reversed, because the court can not determine to which of the counts the evidence on the trial was applicable. (*O'Connell's case*, 11 *Clark & Fin.* 155. 1 *Chit. Cr. L.* 281. 1 *Leach*, 264.)

*John McKeon*, (Dist. Att'y,) for the people. I. As to the first count of the indictment, the objection is, the omission of the words "belonging to another," in describing the property attempted to be extorted. If the words omitted are supplied by others of equivalent import, the indictment is sufficient. The count charges that the letter was sent with the intent to extort and gain from the said Wm. B. Astor a large sum of money, to wit, the sum of $50,000. The import is plain, that it is the property of another ; and the omission of charging it so, explicitly, could not tend to the prejudice of the defendant, who was clearly and distinctly apprised of the nature of the charge against

Biggs *v.* The People.

him.   The ancient strictness in pleading has been greatly re-laxed.   (*See Lohman* v. *The People,* 1 *Comst.* 379 ; 2 *Barb. Sup. C. Rep.* 216, *S. C.*)

II. The second count complies substantially with the statute. If it charges more than the statute requires, it may be rejected as surplusage.   (1 *Chit. Cr. L.* 283, *n.*)   If the statute is set forth with substantial accuracy it is sufficient.   (*Rex* v. *Jones,* 2 *B. & Adol.* 611.   *Rex* v. *Walker,* 4 *Co.* 41, *a.*   *Rex* v. *Holt,* 2 *Leach,* 676.   *Rex* v. *Howarth,* 3 *Stark.* 26.   1 *Leach,* 47. *Whart. Cr. L.* 618.   2 *Gall.* 437.   3 *Halst.* 299.   1 *Verm. Rep.* 332.   6 *Id.* 594.)

III. The third count substantially complies with the statute, and charges a specific offence.   The statute designates the of-fence as an attempt to rob ; and although it may not be neces-sary specifically so, to charge in the indictment, yet so doing does not vitiate it.   Argumentative pleading does not vitiate an indictment.   It is objected, that this count charges the defend-ants with parting with the possession of a threatening letter, without setting forth the character of the threats.   This is un-necessary, the letter itself being set out *in hæc verba.*   (*See the case of The People* v. *Charles,* 3 *Denio,* 212, *and* 1 *Comstock,* 180.)   The objections are all technical, as to matters of form ; omissions (if any) which could not prejudice the defendant, and are cured by the statute.   (2 *R. S.* 813, § 52, 3*d ed.*   5 *Wend.* 1.) The verdict is general ; and if one count is good it can be sus-tained.   The doctrine of the O'Connell case has never been recognized in our courts.   (*People* v. *Kane,* 8 *Wend.* 203. *Wharton's Am. Cr. L.* 618.   *United States* v. *Furlong,* 5 *Wheat.* 184.   *Josselyn* v. *Cone,* 6 *Metcalf,* 236.)

*By the Court,* EDMONDS, P. J.   That certainty and precis-ion, in an indictment, is required, which will enable the de-fendant to judge whether the facts and circumstances stated constitute an indictable offence ; that he may know the nature of the offence against which he is to prepare his defence ; that he may plead a conviction or acquittal in bar of another indict-

Biggs *v.* The People.

ment; and that there may be no doubt as to the nature of the judgment to be given in case of conviction.

The first count in this indictment is enough for all this. The addition of the words "belonging to said Astor" would not be necessary to either of these things.

Again. The words in that count "with intent to extort and gain," &c. sufficiently imply that it was the property of Astor the defendant was aiming at. The adding the words "belonging to said Astor," would not change the matter in substance, but only in form, and that is such a formal defect as under 2 *R. S.* 728, § 52, can be disregarded, because it does in no respect tend to the prejudice of the defendant. (*People* v. *Rynders*, 12 *Wend.* 425.) Larceny is stealing the goods, &c. property of another. Yet an indictment charging a stealing *from A. B.* has been held good as implying that the thing stolen belonged to A. B., and property in A. B. must always, under this averment, be proved. (1 *Hale's P. C.* 512, *n.*) So here, a charge of an intent to extort and gain *from Astor*, necessarily implies that it was his property, and required proof that it was. The jury could not have convicted without such proof, and their verdict cures any defect in that respect.

It is sufficient if all the circumstances necessary to describe and render the charge intelligible in its legal requisites, appear on the face of the proceedings, and inform the defendant of the charge against him. (*People* v. *Phelps*, 5 *Wend.* 1.)

The judgment of the court of sessions must be affirmed.

Judgment affirmed.