BARNARD BURNS, Plaintiff in Error, *v.* THE PEOPLE, Defendant in Error.

(GENERAL TERM, THIRD DEPARTMENT, FEBRUARY, 1871.)

An indictment for perjury before inspectors of election, alleging commission of the crime before the board of inspectors "then and there duly authorized to administer the oath," is not, it seems, defective for omitting to state the names or number of the inspectors.

Or that the inspectors were acting for a particular ward.

Or stating that the prisoner was "duly sworn," &c., for omitting to show the manner and form in which the oath was administered.

And, it seems, the averment that he was "duly sworn" is a sufficient statement that the proper statutory oath was administered.

And that it is unnecessary that the indictment should show that the place where the oath was administered had been legally appointed and constituted as the place for holding elections, where it is stated that the election was held pursuant to law before a board of inspectors legally constituted and authorized according to law.

But where the falsity of the oath was alleged to be in swearing not to have voted previously at the same election, and an assignment was made that the prisoner had done so, at a place named, without stating that it was before a board of officers duly constituted and authorized, or that any lawful election had been appointed or held at the place—*Held* that the indictment was for that reason faulty in substance, and the defect not within the intent of the statute. 2 R. S., 728, § 52.

THIS case came up upon a writ of error issued in behalf of the defendant to the Court of Oyer and Terminer of Schenectady county.

The indictment was for perjury, at a Court of Oyer and Terminer held in and for the county of Schenectady in

November, A. D. 1870. The indictment, among other things, charged as follows:

"That on the 8th day of November, A. D. 1870, at the city of Schenectady, in the county of Schenectady, and State of New York, at a general election held in said city and county aforesaid, for the choice of a governor, lieutenant-governor, a comptroller, two canal commissioners, an inspector of State prisons, of the State aforesaid; for the choice of a member of congress from the eighteenth congressional district of the State aforesaid, and for the choice of a member of assembly, a county clerk, four coroners and one justice of sessions, of the county aforesaid, held pursuant to the Constitution and laws of this State, before the board of inspectors of elections of the second ward of the city of Schenectady aforesaid, then sitting at the house of steamer engine company No. 4, in the second ward of the city aforesaid, which said board being then and there legally constituted and organized according to law to receive all legal and lawful votes or ballots for said officers to be elected as aforesaid, Barnard Burns, transient person, at the day and date aforesaid, and at the place last aforesaid, appeared before the board of inspectors of elections aforesaid, and offered his vote or ballot for some or all of the officers so, as aforesaid, to be chosen or elected; whereupon, before his vote or ballot was given in, he was duly challenged touching his right or legal ability to vote at said election for the said officers so, as aforesaid, to be chosen or elected, and, on being challenged, he was then and there duly sworn, and did take his corporal oath before the said board so constituted and sitting, as aforesaid, the said board being then and there duly authorized and empowered to administer an oath to the said Barnard Burns in that behalf, and he, the said Barnard Burns, being then and there sworn by and before said board, and, not regarding the laws of this State, nor having the fear of God before his eyes, but being moved and instigated by the devil, did then and there falsely, willfully, feloniously and corruptly say, depose and swear to and before the board aforesaid touching

his right to vote, and his qualifications as an elector and voter at such election for the choice of the officers so, as aforesaid, to be chosen and elected, in substance and effect as follows, among other things: That he, the said Barnard Burns, had not voted at the election aforesaid, whereas, in truth and in fact, he, said Barnard Burns, had voted at the election aforesaid, to wit, previously and on the day aforesaid, at the fourth ward of the city aforesaid, at the house of Thomas L. Wasson, in said ward and city last aforesaid, and for the officers aforesaid, to be chosen as aforesaid. And so the jurors aforesaid, on their oaths aforesaid, do say that the said Barnard Burns, on the eighth day of November, A. D. 1870, at the city and county of Schenectady and State of New York, did commit willful and corrupt perjury," etc.

A jury having been empaneled and sworn, the following proceedings were then and there had:

The defendant's counsel moved to quash the indictment on the several grounds hereinafter set forth. The court thereupon overruled each and every ground of objection of defendant's counsel to the indictment, and the defendant's counsel excepted to each of the rulings.

Under the ruling of the court, as aforesaid, defendant plead guilty.

Defendant's counsel then moved to arrest judgment against the defendant, on the ground that the indictment was defective in the following particulars, which were the same as those on which the motion to quash had been made, viz.:

" 1. That the indictment does not state the number of inspectors of election, so the court may see that the board of inspectors was legally constituted."

" 2. That the indictment does not state that the inspectors of election in the second ward of- the city of Schenectady, before which board the alleged perjury was committed, were acting for such second ward."

" 3. That the indictment does not show that defendant was sworn to tell the truth, or to truly answer such questions as should be put him by said board touching his right to vote."

" 4. That the indictment does not show, upon its face, that the oath required by statute was administered to defendant, or that he falsely swore to any part thereof."

· " 5. That the indictment does not show that " steamer engine house number 4," the place mentioned in the indictment, was the legally appointed and duly constituted place for holding elections in said second ward."

" 6. That the indictment does not show that " the house of Thomas L. Wasson," the place mentioned in the indictment, was the legally appointed and duly constituted place for holding elections in the fourth ward of the city of Schenectady, or that any legal election was then holden at such house."

The court overruled each and every of the foregoing exceptions to said indictment, and defendant's counsel excepted.

The court then pronounced sentence upon said defendant, and a bill of exceptions was made and granted, and a writ of error issued and allowed, removing the record and proceedings to this court, with a stay upon the judgment.

*Robert Payne*, for plaintiff in error.

*E. W. Paige*, for defendants in error.

Present — MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J.   The first objection urged to the indictment is that it is defective, because it does not state the number of inspectors of the election to be held.   It alleges that the " board being then and there duly authorized to administer an oath," &c., and that Burns being sworn, &c., did commit perjury.   I think that the general allegation of jurisdiction to administer the oath is sufficient, without stating in detail the names or the number of the inspectors who constitute the board.

Even if there might be some doubt upon the question whether all the facts showing jurisdiction should be specifi-

cally stated, if this point was presented for the first time, yet the authorities hold, as I understand, that a general averment of jurisdiction is sufficient in an indictment for perjury. In *The People* v. *Phillips* (5 Wend., 9) it was held that in an indictment for perjury by an insolvent debtor, on the oath taken by him in presenting his petition, &c., it is not necessary to set forth the facts to show jurisdiction, as is done in civil cases, and it is enough to aver generally that the officer had lawful and competent authority to administer the oath. The specific objection was taken that the indictment was defective in this respect, and it was held that an averment of the court's authority to administer the oath was sufficient.

In *Campbell* v. *The People* (18 Wend., 636) it was decided that in an indictment for perjury against a person voting at an election, an averment that he was sworn by and before the board of inspectors, is a sufficient averment that the oath was administered by the board, and it would be enough to allege that he took the oath before the board, they being duly authorized to administer it. Although the distinct point now made was not taken, yet the case involved the very question which now arises, and the form of the indictment is similar to the one in the case at bar in its leading characteristics. In *The People* v. *Tredway* (3 Barb., 470) it was held that it was not necessary to set forth facts in the indictment sufficient to show that the officer who entertained the proceedings had jurisdiction to administer the oath, and the same principle was asserted, and the cases last cited followed. These authorities are conclusive.

The second objection, that the indictment does not state that the inspectors were acting for the second ward, comes within the same principle, and must fall with the first one.

As to the third objection, to the effect that the indictment does not show the manner and form in which the oath was administered, I think it is not well taken. It avers that Burns was " duly sworn and did take his corporal oath," and I think this embraces all that is required by the statute. It means that Burns was sworn according to the law applicable

to such a case.   It was not necessary to specify the particular mode in which the prisoner was sworn or the particular oath which he took, and a general averment that he was duly sworn is enough.   (See *Tuttle* v. *The People*, 36 N. Y., 436, and the authorities cited.)

The fourth objection, that the indictment does not show upon its face that the oath required by the statute was administered to the defendant or that he falsely swore to any part thereof, is also unavailable.   The indictment avers that he was duly sworn; that is, lawfully and according to the statute applicable to such a case ; that he took his corporal oath before the board, which means that the proper oath was administered to him, and that he falsely swore that he had not voted.

In *Campbell* v. *The People* it was held that it was not necessary to set out the whole oath, and that such parts as are alleged to be false and are material in a given case, are all that is requisite.   The portion of the indictment embraced in the fourth objection was within this rule, and entirely sufficient.

The remarks made as to the first and second objections are applicable to the fifth.   The averment that a general election was held, pursuant to the laws and Constitution of the State, before a board of inspectors legally constituted and authorized according to law, was sufficient, I think, without stating that the place had been legally appointed.

The sixth objection relates to the assigment of the perjury. The false oath alleged was, that the prisoner had sworn that he had not voted at the election.   The assignment was, that he had voted previously at the fourth ward, "at the house of Thomas L. Wasson in said ward," without stating that he voted before a board of officers duly constituted and authorized according to law, or that any lawful election had been appointed or was held at the place named.   The rule is, that assignments of perjury must be made by special averment negativing the oath.   A general allegation that the defendant swore false is not enough.   (Ar. Cr. Plead., 4th Am. ed.,

538, § 279.) If the assignment had stated that the defendant had previously voted at the election, clearly it would not have been sufficient, as such an averment is not specific and does not show that he had voted at the election unlawfully held, and does not furnish the defendant full information as to the character of this charge made. If the defendant had voted at the election named, and there was no authority to hold the election there, and no officers authorized by law to receive the vote, clearly the oath afterward made would not constitute willful perjury.

The assignment of the perjury is too general and uncertain, and is not explicit enough to support itself or to show that the defendant committed the crime. (*Clark* v. *The People*, 2 Lansing, 329, 331.) It is no answer to this view of the subject to say that he could not have voted, as alleged, at the place named, unless it was the legally appointed and duly constituted place for holding the election, or unless a legal election was held there. In the absence of any averment to this effect, it is not to be inferred, I think, that the election was lawfully held at the place named. It may have been held there without authority and in violation of law, and as the contrary does not appear, the indictment does not present an intelligible story, from which it appears that the crime of perjury has been committed. It is clearly defective in this respect, and, for this reason, cannot be upheld. The defect is a substantial one, and not merely formal, and is not obviated by the statute of jeofails. (1 R. S., 728, § 52.) The indictment does not contain the substance of the offence, with the circumstances necessary to render it intelligible and inform the defendant of the allegations against him. (5 Wend., 51; 8 Barb., 551; 22 N. Y., 150; 6 N. Y., 52.)

By reason of the defect named, the conviction must be reversed.

Judgment reversed.