JAMES GIBSON, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Punishment for second offense — Former conviction, etc. — when sufficiently alleged in indictment — 2 R. S., 699, § 8.*

Where an indictment sets out in proper form the former conviction of the plaintiff in error of the crime of grand larceny, and his sentence, and "that the said James Gibson having been so convicted of the crime of grand larceny aforesaid, and having been duly discharged and remitted of such judgment and conviction, afterward," etc., and then alleges a subsequent petit larceny : *held*, that it sufficiently alleges his discharge, " either upon being pardoned or upon the expiration of his sentence," to authorize the additional sentence imposed by 2 Revised Statutes, 699, section 8.

*Wood* v. *People* (53 N. Y., 511) distinguished.

WRIT of error to the Court of Sessions of Niagara county, to review the judgment of that court on a plea of guilty.

The indictment set out, in proper form, the former conviction of James Gibson of the crime of grand larceny, and his sentence to state prison, and then proceeded as follows : " That the said James Gibson having been so convicted of the crime of grand larceny aforesaid, and having been duly discharged and remitted of such judgment and conviction, afterward," etc., alleging a subsequent petit larceny. The defendant pleaded guilty ; and, being brought up for judgment, claimed that he was only indicted for petit larceny ; that no greater offense was charged against him, and that he should only be punished for that, as a first offense. This objection was overruled, and defendant was sentenced to State prison for one year and three months.

*Ransom & Joyce*, for the plaintiff in error.

*F. Brundage*, for the defendants in error. ·

MERWIN, J. :

The statute (2 R. S., 699, § 8) provides that " if any person, convicted of any offense punishable by imprisonment in a State prison, *shall be discharged*, either *upon being pardoned or upon the expi-*

*ration of his sentence*, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished," etc., stating the manner. In the case at bar, the allegation in the indictment is, "*having been duly discharged and remitted of such judgment and conviction.*" The question is, is the allegation sufficiently broad or definite to bring the case within the provisions of the statute?

In *Wood* v. *People* (53 N. Y., 511), the phraseology of the indictment was exactly similar to this. Proof was given of former conviction and sentence, but none of imprisonment thereunder, or of a discharge, and the point was, whether it was necessary for the people to show a discharge from imprisonment, either by pardon or by the expiration of his term. The Court of Appeals held it was, and reversed the judgment and ordered a new trial. ALLEN, J., in giving the opinion, says the indictment was defective in not alleging in terms a discharge either upon pardon or the expiration of the sentence. This point was not in the case, but the opinion is entitled to much weight, as that of an able and upright judge. If the allegation were simply that the defendant "had been duly discharged," there would be much force in the reasoning that it was defective. For, under that allegation, a discharge might have occurred through an arrest or reversal of judgment, or upon *habeas corpus*, as well as upon the expiration of the sentence; and the defendant could well say he had the right to know what was alleged against him in that behalf. But the allegation in this case is more: "duly discharged and remitted of such judgment and conviction." The word *duly* means, in a proper way, or regularly, or according to law. (*People* v. *Walker*, 23 Barb., 304; *Fryatt* v. *Lindo*, 3 Edwards Ch., 239; *Burns* v. *People*, 59 Barb., 531.) The word remitted, as applicable to a crime, means pardoned. (Webster's Dictionary.) The allegation would then read, has been duly or according to law discharged and pardoned of such judgment and conviction. The statute, in one alternative, is, shall be discharged upon being pardoned. The statute, of course, means pardoned according to law. Why, then, does not the allegation that he has been according to law discharged and pardoned, substantially meet the statute? A plea of guilty is the highest kind of conviction (1 Chit. Cr. Law, 428), and no intend-

ments should be held in the defendant's favor, except such as have a substantial basis. No proceedings on an indictment shall be affected by reason of any defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant. (2 R. S., 728, § 52.) The charge in the indictment should be so alleged as to be intelligible in its legal requisites, and inform the defendant of what he has to meet. (EDMONDS, J., in *Biggs* v. *People*, 8 Barb., 551.) All formal defects should be disregarded that do not prejudice the defendant. (*Tuttle* v. *People*, 36 N. Y., 436; *Burns* v. *People*, 59 Barb., 531; *People* v. *Tredway*, 3 id., 470; *People* v. *Powers*, 2 Seld., 50; 5 Park. Cr., 31; 3 id., 330.) There is no doubt that the defects, if any, in this case, did not prejudice the defendant, and I think they were entirely formal.

Judgment should be affirmed.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment affirmed.