## BENEDICT v. CLARKE.

(Supreme Court, Appellate Division, Second Department. June 24, 1910.)

1. WORDS AND PHRASES—"USUFRUCTUARY"—"USUFRUCT."

Civ. Code La. art. 533, defines a usufruct as the right of enjoying a thing the property of which is vested in another, and to draw from the same all the profits, utilities, and advantages which it may produce, provided it be without altering the substance of the thing. It also declares that the obligation of not altering the substance of the thing takes place only in the case of a perfect usufruct. Article 534 declares money to be an imperfect usufruct, and by article 536 the ownership of such a usufruct is in the usufructuary, who is entitled under article 556 to the possession and use of the usufruct, and to proceed by action against all persons who obtain possession and enjoyment thereof. *Held*, that the position of a usufructuary of money was unlike that of an executor or administrator, but like that of a legal owner.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7244, 7245, 7826.]

2. COURTS (§ 35*)—GENERAL JURISDICTION—PRESUMPTION.

In an action based on a judgment of the civil district court for the parish of New Orleans, La., it cannot be assumed that such court is one of general jurisdiction in absence of specific allegation thereof, as the name does not import it, as does the name of the court of common pleas of another state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 140, 145; Dec. Dig. § 35.*]

3. JUDGMENT (§ 938*)—FOREIGN JUDGMENT—ACTION THEREON—PLEADING—JURISDICTION OF COURT—"DULY RENDERED."

In an action based on a foreign judgment, an allegation that the judgment was "duly rendered" was, as against a general demurrer, sufficient as showing the court's jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1772, 1773; Dec. Dig. § 938.*

For other definitions, see Words and Phrases, vol. 3, p. 2264.]

4. WORDS AND PHRASES—"DULY"—"DULY ADJUDGED."

"Duly" in legal parlance means according to law, and does not relate to form merely, but includes form and substance, and the expression "duly adjudged" means adjudged according to law, and implies the existence of every fact essential to perfect regularity of procedure, and to confer jurisdiction of the subject-matter and all parties affected by the judgment.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2259, 2260.]

5. COURTS (§ 2*)—"JURISDICTION."

A judicial officer has jurisdiction when he has power to inquire into the facts, to apply the law, and to pronounce the judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1; Dec. Dig. § 2.*

For other definitions, see Words and Phrases, vol. 4, pp. 3876–3885; vol. 8, pp. 7697, 7698.]

Burr and Carr, JJ., dissenting.

Appeal from Special Term, Queens County.

Action by Jane West Horner Benedict against Antoinette Lockwood Clarke. From an interlocutory judgment for plaintiff, defendant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and CARR, JJ.

H. E. Lippincott, for appellant.
Harrison S. Moore, for respondent.

JENKS, J.   The plea of the plaintiff is that perforce of the judg-; ment in Louisiana she is entitled to one half of the moneys, and as usufructuary to the possession of the other half of the moneys sued for in this action.   As to one-half of the moneys, her plea is that of the legal owner thereof, and she stands upon the same footing as any other legal owner.   Toronto G. T. Co. v. Chicago, B. & Q. R. R. Co., 123 N. Y. 37–46, 25 N. E. 198.   A usufructuary is one who has the usufruct.   And a usufruct is the right of enjoying a thing; the property of which is vested in another, and to draw from the same all the profits, utility, and advantages which it may. produce, provided it be without altering the substance of the thing.   The obligation of not altering the substance of the thing takes place only in the case of a perfect usufruct.   Civ. Code La. art. 533.   Money is an imperfect usufruct (Id. art. 534), and the ownership is in the usufructuary (article 536).   The usufructuary is entitled under the Code of Louisiana to the possession and the use of the usufruct, and to proceed by action against all persons to obtain possession and enjoyment thereof.   Id. art. 556.   It would seem, then, that her position is not like that of an executor or administrator, but like unto that of a legal owner, within the distinction pointed out in Toronto G. T. Co. v. Chicago, B. & Q. R. R. Co., supra, 123 N. Y., at page 47, 25 N. E., at page 200.

There is no allegation that the civil district court for the parish of New Orleans, in the state of Louisiana, is a court of general jurisdiction, and its jurisdiction in this case specifically alleged.   And we cannot assume that such court is one of general jurisdiction.   The name thereof does not import it, as does the name Court of Common Pleas of Mercer County (Pringle v. Woolworth, 90 N. Y. 502), for the reasons stated in the opinion therein, or the name Court of Common Pleas (Teel v. Yost, 128 N. Y. 387, 28 N. E. 353, 13 L. R. A. 796), for the reasons stated in Pringle's Case, supra.   But, on the other hand, the allegation is that the judgment was "duly rendered." This, we think, is sufficient as against the general demurrer.   Horton v. Shipherd, General Term, First Department, 14 Wkly. Dig. 453; Dore v. Thornburgh, 90 Cal. 64, 27 Pac. 30, 25 Am. St. Rep. 100.   See, too, Schluter v. Bowery Savings Bank, 117 N. Y., at page 131, 22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494.   In Brownell v. Town of Greenwich, 114 N. Y. 518, 22 N. E. 24, 4 L. R. A. 685, the court, per Vann, J., say:

" 'Duly,' in legal parlance, means according to law.   Gibson v. People, 5 Hun, 542, 543; People ex rel. Hawes v. Walker, 23 Barb. 304; Fryatt v. Lindo, 3 Edw. Ch. 239; Burns v. People, 59 Barb. 531, 543; Webb v. Bidwell, 15 Minn. 479, 484 (Gil. 394).   It does not relate to form merely, but includes form and substance both.   The expression 'duly adjudged,' as used in the statement for the submission of this controversy, therefore, means adjudged according to law—that is, according to the statute governing the subject—and implies the

existence of every fact essential to perfect regularity of procedure, and to confer jurisdiction both of the subject-matter and of the parties affected by the judgment, including the defendant. A judicial officer has jurisdiction, when he has power to inquire into the facts, to apply the law and to pronounce the judgment. Any step in the cause or proceeding before him is necessarily the exercise of jurisdiction, and that step cannot be 'duly' taken unless jurisdiction exists. The final step, in particular the making of the judgment, cannot be 'duly' taken, unless all of the preliminary steps upon which it is based have likewise been duly taken."

The interlocutory judgment is affirmed, with costs.

HIRSCHBERG, P. J., and WOODWARD, J., concur. BURR and CARR, JJ., dissent.