The People *v.* Powers.

---

SAME TERM. *Before the same Justices.*

THE PEOPLE *vs.* EMERSON POWERS.

A certificate of conviction, in the form directed by the statute, and which was filed in the clerk's office within the prescribed time, *is competent evidence of* the facts stated therein; although it does not contain evidence that the court had obtained jurisdiction over the person of the prisoner.

Such a certificate, being made evidence, by statute, of the facts contained in it, can not be contradicted by parol evidence showing that there was in fact no trial and conviction.

Yet *it seems* that a party may so far contradict a record of conviction by a court of inferior jurisdiction, as to prove that the court had no jurisdiction of the offence, or of the person of the prisoner.

THE defendant was indicted for a second offence of petit larceny. The indictment contained but one count. It charged the first conviction to have occurred on the 31st of October, 1848, at a court of special sessions held at Syracuse before Wm. A. Cook, police justice, having full power and authority to hold said court, and to try and convict for such offence. And that the defendant, (who was tried by the name of Amison Powers,) was sentenced to pay a fine of five dollars; and that he paid the same, and was discharged. On the trial, at the Onondaga oyer and terminer, the district attorney offered in evidence the following certificate of conviction, after proving by

The People *v.* Powers.

the county clerk that it came from the files in his office, and was in Cook's hand-writing ; and that Cook was dead.

" Onondaga County, Syracuse Police Office, ss.   At a court of special sessions this day held in the town of Salina, before the undersigned, police justice of the village of Syracuse, in said county : Amison Powers was convicted of having on the 30th day of Oct. instant, feloniously taken and carried away one pair of pantaloons, of the value of seven dollars, the property of Samuel P. Dewey and Alexander Thompson, at Salina afore-said, and upon such conviction I did adjudge that the said Amison Powers should pay a fine of five dollars and stand com-mitted until paid, which was paid to the undersigned and de-fendant discharged from custody.   Given under my hand the 31st day of October, 1846.          WILLIAM A. COOK,

Indorsed " filed Nov. 16, 1846."          Police Justice."

The defendant's counsel objected to the reception of this cer-tificate in evidence, but the court overruled the objection and received the certificate.   The defendant's counsel offered to prove that on the evening of the prisoner's arrest, upon the com-plaint before the police justice he was committed for trial, and not as a person convicted ; that the next morning he was brought before the police justice, and denied the charge of stealing ; that he was not tried ; that he settled with the owners of the prop-erty, and was dismissed without payment of a fine.   This evi-dence was objected to, as going to impeach the record or certifi-cate of conviction, and was rejected by the court; and the prisoner's counsel excepted to the decision.   The prisoner was convicted by the jury ; and filed a bill of exceptions and moved for a new trial.

*H. Sheldon,* (district attorney,) for the people.

*C. B. Sedgwick,* for the prisoner.

*By the Court,* GRIDLEY, J.   The prisoner was convicted of a second offence of petit larceny at the oyer and terminer in Onondaga county.   On the trial a bill of exceptions was taken

to the ruling of the court, on the admission of certain evidence offered by the district attorney and in the rejection of evidence offered on behalf of the prisoner. As a part of the proof to sustain the indictment the counsel of the people offered in evidence a certificate of the conviction of the prisoner, (whose identity was proved by other evidence,) under the name of Amison Powers, of the offence of petit larceny, in stealing a pair of pantaloons of the value of seven dollars, on the 30th of October, 1846. The certificate was signed by Wm. A. Cook, police justice at Syracuse, and was indorsed "filed Nov. 16, 1846," and was proved to be in the hand-writing of Justice Cook, who is since deceased ; and was filed by the deputy clerk of the county, as he testified, at the time of its date. To this evidence the counsel for the prisoner objected, without stating the ground of objection. The objection was overruled, and the evidence was received. The objection now made to the admission of the certificate is, that it does not show that the court had jurisdiction of the person of the prisoner. And we are referred to the case of *The People* v. *Koeber*, (7 *Hill*, 39,) and to note on page 37 of the same book, and to several other authorities, showing the necessity of proving the jurisdiction of an inferior tribunal, in order to sustain its judgment. It was not disputed that the police justice had jurisdiction to hold a court of special sessions, under the provisions of the act of May 13th, 1840, (*Laws of* 1840, *p.* 219 ;) and the 16th section of the act of May 10, 1845, (*Laws of* 1845, *p.* 186,) but it was contended that the certificate should contain evidence that the court had obtained jurisdiction over the person of the prisoner.

The question does not arise, whether the certificate was *itself sufficient*, without further evidence, to prove the jurisdiction of the court, but simply whether the certificate was *competent* evidence. And upon that point we think that there can be no doubt. It was in the precise form directed by the statute, and was filed within the prescribed time. (2 *R. S.* 717, §§ 38, 39.) And section 40 of the same act declares that "any certificate of conviction, made and filed under the foregoing provisions, or a duly certified copy thereof, shall *be evidence in all*

*courts and places,* of the facts stated therein." The evidence was therefore competent, and the question whether other evidence to show that the court had acquired jurisdiction of the person of the prisoner, and whether such other evidence was or was not sufficient to establish that fact, does not arise on this bill of exceptions.

The next question arises on the rejection by the court of evidence offered by the prisoner to contradict the fact of a *trial and conviction.* This could not be done. The certificate was a *record,* made evidence by the statute, of the facts contained in it, and could not be contradicted by parol evidence. Even if it were no higher evidence than any ordinary instrument in writing, parol evidence to vary or contradict it would be inadmissible. It can not be necessary to cite authorities to prove a proposition so elementary. In holding that the evidence in question was inadmissible, we do not mean to say that the record of conviction by a court of inferior jurisdiction, can not be contradicted as to jurisdictional facts. A party may doubtless prove facts which will show that the court had no jurisdiction of the offence or of the person of the prisoner. But that was not the offer as disclosed on this bill of exceptions. It was simply to contradict the record by showing that in point of fact the prisoner was not convicted.

These are all the questions presented on the bill of exceptions; and as the court below committed no error to which the prisoner has excepted, the conviction must stand.

A new trial is denied.