* Jewett, J.
 

 — There are but two questions ^ ^ raised by the bill of exceptions in this case. *- The first is upon the admission in evidence of the certificate of conviction, made by the justice, and filed in the office of the clerk of the county of Onondaga; and the other is upon the rejection of the evidence offered on behalf of the prisoner, to contradict the fact of a trial and conviction, as set forth in the record or certificate of conviction. I think, that both questions were correctly decided by the supreme court, and that it is unnecessary for me, here to repeat the reasons sustaining the judgment, which are so ably given by the learned judge who delivered the opinion of that court, for giving the judgment. (7 Barb. 462.)
 

 The counsel for the prisoner, on the argument in this court, made a point, which was not noticed, if made, in the supreme court; namely, that the indictment is insufficient, because it does not charge the facts necessary to show that the justice acquired jurisdiction over the person of the prisoner, to try and convict him of the first offence of petit larceny. The point made in the court below was, that the certificate of conviction should show that the justice had jurisdiction, and that because it did not, it was inadmissible in evidence of the fact of conviction j
 
 [1]
 
 and not that the
 
 indictment
 
 was bad, because it did not allege the facts necessary to show such jurisdiction.
 

 It is a general rule, that the facts of the charge must be set forth in the indictment, that the defendant may clearly understand the charge he is called upon to answer. In this case, it being the object of the indict
 
 *54
 
 ment to charge the prisoner with a second offence of petit larceny, it was essential to such charge, that the . indictment should state facts to show that he had, prior to the last offence, been convicted of the previous offence in due form of law. And as the conviction is alleged to have taken place before a court of special and limited jurisdiction, the indictment should have alleged such facts as would show that the justice, holding such court, had jurisdiction as well of the subject-matter as of the person of the prisoner. (1 Chit. Or. L., ed. 1819, 138 ;
 
 Cornell
 
 v.
 
 Barnes,
 
 7 Hill 35, and note.)
 

 * 52 1 *^le indictment in this case, in order to show ■ a conviction of the prisoner for the first offence, in due form, should have, preliminary to the statement of his trial and conviction, stated the charge made against him before the justice, and in what form, the proceedings had before him upon it, and the issuing of the process thereon, his arrest and being brought before the justice; showing thereby that there was a charge for petit larceny made in due form against him, and legal process issued for his arrest thereon; that he was arrested, brought before the justice and elected to be tried for the offence charged, before the justice, pursuant to the provisions of the statute in such cases.
 
 [2]
 
 Such allegations would have shown jurisdiction in the justice of the subject-matter and of the person of the prisoner.. Instead of them, the indictment alleges, in general terms only, that the court before which the prisoner was tried > and convicted, then and there, had competent power and authority to try and convict him for such offence.
 

 But the objection now made to this indictment, comes too late to avail the prisoner. The defect complained of, is a matter of form merely; I do not see that it tended to prejudice him. And 2 Rev. Stat. 728, § 52, provides, that no indictment shall be deemed invalid, nor shall
 
 *55
 
 the trial, judgment or other proceedings thereon be affected, by reason (among other defects named)
 
 “
 
 of any other defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant.”
 
 [3]
 
 The judgment should be affirmed.
 

 Judgment affirmed.
 

 [1]
 

 See People
 
 v.
 
 Neilson, 16 Hun 214; Ex parte Hogan, 55 How. Pr. 458 ; Ex parte Travis, Ibid. 347.
 

 [2]
 

 See People
 
 v.
 
 Cook, 2 Park. 12.
 

 [3]
 

 In People v. Golden, 3 Park. 330, the supreme court, on the authority of this case, sustained an indictment, setting forth, the jurisdiction of the special sessions, in the same general form ; holding that such defect could not prejudice the prisoner. And see Gibson v. People, 5 Hun 542.