Potter, J.
I concur with the presiding judge in his opinion, except as to the sixth objection, upon the question of the assignment of perjury. The occasion, the time and place where the oath was taken, the authority of the officer to administer the oath, and the matter sworn to, were all well alleged, and fully and sufficiently assigned. The oath administered was prescribed by statute; it contained multifarious matters, but one distinct particular of which was charged as being false, to wit, that you, have not voted at this election. And the falsity was charged in this, to wit, that the said Barnard Burns had previously, and on the same day, voted at the election aforesaid; and then, with more particular specification, stated the ward, place in the ward, &e., for the officers aforesaid. This assignment is as broad, and more specific than the statute which creates the offense. The character of the election was fully stated; it was an election known to the law, and one at which the crime of perjury could be committed. It was an election at which the voter could vote but once, and it was the voting at the election more than once, with the falsity of the oath, that constituted the crime. At any *546 other election, or before any body unauthorized to receive his vote, it is true no crime would have been committed, and no offense could be made to sustain the indictment but a previous vote at the election, to wit, the election that had been described. This was the offense charged. The oath, and the matters it contained, having been sufficiently alleged, the only point of law is, was the falsity of this oath sufficiently stated ? Upon this point I cannot concur in the opinion just read. As to the allegation of falsity, I understand the rule to be, that it must be set forth in such a manner “as to afford the defendant information of what is intended to be proved.” This was sufficient, even before our statute of jeofails. What was the crime? Having previously voted at that election? Certainly not. The previous voting might have been lawful. What was the oath ? That he had not previously voted; and swearing to this was the crime; and this is wThat the indictment charged. Of what does the indictment inform him ? That he had so previously voted. And it goes further, and beyond this, and informs him of the very place in another ward of the same city where he had so voted, at that election; that is, the election which was well set forth. This is more specific than the terms of the law; more specific than the terms of the oath. Of what sensible importance is it that the prisoner should be informed that the persons who received his first vote, were duly authorized to receive it? The crime charged did not consist in voting the first time; that was no part of the offense necessary to be described. It was not the substance of the offense. The legal presumption is that his first vote was a legal vote. Whether it was, or not, was not an issue on the trial. The defendant is not permitted to deny it; the people were not bound to prove it to have been legal. When they proved that he had personally voted at the election, the burden was upon the defendant to impeach its validity. He had assumed it to be legal by *547 voting. The crime was, in swearing he had not before voted at that election; and this was fully set forth. It may be assumed that he had a right to' vote where he first voted. The people have not, by their indictment, complained of that vote. It does not lie in the mouth of the prisoner to say he had no right to vote there. That fact has no materiality or importance, beyond the fact of showing that his oath was false. The fact that he had voted, is sufficiently stated; and it gave the defendant notice that his perjury was in swearing that he had not so voted. There are two rules of pleading that sustain this assignment of perjury as contained in the indictment. First. In statute offenses, if the statement be of a particular fact, negativing that fact is sufficient; and this rule is laid down as to pleading, in perjury. (2 Arch. Crim. Plead. 966.) Second. That the falsity must be set forth in such a manner as to afford the defendant information of what is intended to be proved; and this is held to be sufficient. Both these rules have been observed in this case. There is a class of cases found in the books, which lay down the rule given in the opinion read; but they can be distinguished, and are distinguished, by this: Where the false statement or words of the oath ássigned, is general, it is not sufficient to make the general allegation that such statement was false, but the particulars in which it is false must be alleged. In such case they are of the substance, and are therefore material. But where the perjury consists in a single or particular statement, it is sufficient to assign, generally, that such particular statement is false. But the case is otherwise where the false words assigned are particular, or specific; and in such case the assignment may be general, if the general words bring home to the defendant’s knowledge the certainty of what is to be proved. ■ So the rule is laid down by Qomyn, that general words are sufficient where the certainty lies within the defendant’s knowledge, (Dig. Pleader, 26;) and in The People v. Phelps,
*548 [Third Department, General Term, at Elmira,
April 4, 1871.
(5' Wend. 120,) it was held sufficient,.if all the circumstances necessary to describe and render the charge intelligible in its legal requisites, appear on the face of the proceeding, and inform the defendant • of the charge against him. (Biggs v. The People, 8 Barb. 551.) The defect complained of here could not tend to prejudice the prisoner. (The People v. Powers, 6 N. Y. 50. Sanchez v. The People, 22 id. 150.) The assignment of falsity in this case, gave the defendant full notice of the particulars in which his oath was false; giving time, place, and voting at the election aforesaid. I have been compelled to come to the conclusion that this assignment was full and sufficient. Besides, the technicalities of pleading, in indictments, are inapplicable, under our Bevised Statutes. Objections can only be taken to defects of substance, not to matters of form, unless they tend to the prejudice of the defendant. That cannot be alleged in this case. The indictment contains all the substance of the offense, with all the circumstances necessary to render it intelligible to the defendant, as to what was to be proved against him. I think it is good. But if these objections had merit in them, they are unavailing after judgment; especially after a plea of guilty;
I think the judgment should be affirmed..
Conviction reversed.
Miller, P. J., and Potter and Parker, Justices.]