[No. 15229.     Department One.     July 2, 1919.]

THE STATE OF WASHINGTON, *Respondent,* v.
PETER DERICHO, *Appellant.*[1]

INTOXICATING LIQUORS (42)—INFORMATION—PREVIOUS CONVICTION OF DEFENDANT—STATUTES. The initiative prohibition act, Rem. Code, § 6262-32, authorizing increased punishments on subsequent convictions and requiring prosecuting attorneys to allege a previous conviction in the information, is a proper police regulation to discourage violations of the law, and not open to the objection that it deprives the accused of a fair trial.

CRIMINAL LAW (460)—PUNISHMENT—SUBSEQUENT OFFENSES. In a second prosecution under the initiative prohibition act, the jury is properly instructed to find whether accused was formerly convicted, in order to empower the court to impose the increased punishment.

SAME (332)—VERDICT—RECOMMITMENT. Where the verdict is incomplete, failing to find as to a previous conviction, the court may recommit the verdict to the jury with proper instructions.

SAME (373, 460) — JUDGMENT—CONCLUSIVENESS—SECOND CONVICTION. Under the initiative prohibition act, authorizing increased punishments for subsequent convictions, a former conviction under the act is conclusive and may not be collaterally attacked by showing that the accused was not guilty.

Appeal from a judgment of the superior court for King county, Jurey, J., entered September 21, 1918,

[1]Reported in 182 Pac. 597.

upon a trial and conviction of violating the state-wide prohibition law.   Affirmed.

*William Wray,* for appellant.

*Fred C. Brown* and *T. H. Patterson,* for respondent.

TOLMAN, J.—Appellant was charged by information, under §§ 5 and 32 of initiative measure No. 2, Laws of 1915, pp. 3 and 16 (Rem. Code, §§ 6262-5, 6262-32), with the offense of knowingly, willfully and unlawfully permitting intoxicating liquors to be kept on certain premises occupied by him, with intent to sell, barter, exchange, give away, or otherwise dispose of the same, and ''He, said Pete Dericho, heretofore, to wit, on the 29th day of January, 1917, in the county of King, state of Washington, before Otis W. Brinker, justice of the peace residing and sitting in Seattle precinct, King county, Washington, has been convicted of the crime of selling intoxicating liquor, and sentenced to pay a fine of fifty dollars therefor, contrary to the statute,'' etc., etc.   From the verdict of guilty and a judgment thereon, this appeal is prosecuted.

The first error assigned is based upon the refusal of the trial court to strike from the information the allegation as to a previous conviction of the crime of selling intoxicating liquor; and it is argued that this charge had a tendency to overcome the presumption of good character, and of denying to appellant a fair and impartial trial, and prejudiced the jury against him in the trial upon the specific offense charged in the information.   A sufficient answer seems to be contained in § 32 of the act (Id., § 6262-32), which requires prosecuting attorneys having knowledge of a previous conviction under the act to allege such previous conviction in the information.   No reason is suggested why this is not a proper police regulation to discourage

violations of the law; and, so far as we have discovered, similar provisions of other states have been upheld whenever their constitutionality has been questioned. *State v. Findling,* 123 Minn. 413, 144 N. W. 142, 49 L. R. A. (N. S.) 449, and cases there cited.

Nor did the court err in instructing the jury to find whether or not appellant was formerly convicted, as a verdict finding a prior conviction is generally held essential to empower the court to impose the increased punishment provided by the act. *State v. Findling, supra; People v. Dueber,* 34 Cal. App. 686, 168 Pac. 578; *People v. Franklin* (Cal. App.), 171 Pac. 441; *Evans v. State,* 150 Ind. 651, 50 N. E. 820.

The third contention, that the court erred in refusing to accept an incomplete verdict, and in sending the jury out a second time to find a verdict upon the issue as to a former conviction, is also without merit.

"The rule is well settled that the court may, with proper instructions, recommit a verdict to the jury for their reconsideration, where the verdict which they have rendered is not in the proper form, where it is insufficient in substance, not responsive to or covering the issues or instructions, or is otherwise defective . . ." 38 Cyc. 1893, and cases there cited.

And lastly, appellant complains because he was not permitted to go behind the record of the former conviction and introduce evidence to show that he was not guilty of the charge upon which that conviction was based. We know of no authority to sustain such a contention, and appellant cites none. Under familiar rules, the former judgment of conviction is conclusive and may not be impeached by collateral attack unless void; and there is no suggestion here that it is void or even voidable.

The judgment appealed from is affirmed.

MITCHELL, MAIN, and MACKINTOSH, JJ., concur.

HOLCOMB, C. J., took no part.