[No. 15410.  Department One.  March 12, 1920.]

THE STATE OF WASHINGTON, *Respondent,* v.
CHARLES DALE, *Appellant.*[1]

CRIMINAL LAW (460)—INTOXICATING LIQUORS (29, 51)—TRANSPOR-
TATION—SECOND AND SUBSEQUENT OFFENSES—INSTRUCTIONS.  The ag-
gravated offense (Rem. Code, § 6262-32), of illegally transporting
liquor after having been convicted is different from and more serious
than the simple offense (Id., § 6262-18) ; and it is an invasion of the
province of the jury to instruct that the fact of the former convic-
tions has nothing to do with the guilt or innocence of the accused,
assuming that the fact was conclusively proved (HOLCOMB, C. J.,
dissenting).

CRIMINAL LAW. (460)—SECOND AND SUBSEQUENT OFFENSES—VER-
DICT.  In a prosecution for the illegal transportation of liquor after
having been previously convicted under Rem. Code, § 6262-32, a
general verdict of guilty as charged constitutes a finding of the
prior convictions without any special finding thereof.

CRIMINAL LAW (297)—INSTRUCTIONS—GRADE OR DEGREE OF OF-
FENSE.  In a prosecution for the aggravated offense of illegally
transporting liquor after prior convictions, under Rem. Code, §6262-
32, defendant is entitled on request to an instruction as to the lesser
or simple offense of simple transportation included in the charge.

CRIMINAL LAW (255)—INSTRUCTIONS—PROVINCE OF COURT—COM-
MENT ON FACTS.  In a prosecution for the illegal transportation of
liquor, it is a comment on the facts to instruct that the defendant
may be found guilty if he hired a taxicab in which the "suit cases
containing the intoxicating liquors were carried," in that it assumes
that the suit cases contained liquor.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered January 28, 1919,
upon a trial and conviction of illegal transportation of
liquor.  Reversed.

*W. C. Donovan* and *Geo. H. Armitage,* for appellant.
*Joseph B. Lindsley* and *Harry G. Kinzel,* for re-
spondent.

[1]Reported in 188 Pac. 473.

PARKER, J.—The defendant, Dale, was tried and convicted in a justice of the peace court in Spokane county of the offense of transporting intoxicating liquor without having attached to the package containing the same a permit therefor, as prescribed by the act of 1915 relating to intoxicating liquors, Laws of 1915, § 18, p. 13 (Rem. Code, § 6262-18), having been three times previously convicted of the violation of that act. The complaint charges in appropriate language the unlawful transportation of liquor, and further charges that the defendant was three times convicted of the violation of the act, specifying the date of each conviction and the courts in which judgments thereof were rendered. He appealed from the judgment of conviction rendered in the justice court, in this case, to the superior court of Spokane county, where he was again tried *de novo,* as the law requires upon such an appeal; which trial resulted in a verdict of the jury finding him "guilty as charged in the complaint." Judgment was rendered against him on this verdict, sentencing him to imprisonment in the county jail and to pay a fine of $250. From this disposition of the cause in the superior court, the defendant has appealed to this court.

The simple offense of unlawfully transporting liquor is defined by § 18 of the act (Rem. Code, § 6262-18). In § 32 of the act (Rem. Code, § 6262-32), we read:

"Any person convicted the second time of the violation of this act shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, and by imprisonment in the county jail for not less than thirty days nor more than six months; and any person convicted the third time of a violation of the provisions of this act shall for such third and each subsequent violation be fined not less than two hundred fifty dollars, nor more than five hundred dollars, and be confined in the county jail for not less than

three months, nor more than one year.  Prosecuting attorneys and justices of the peace having knowledge of any previous conviction, of any person accused of violating this act shall in preparing complaints, informations or indictments for subsequent offenses, allege such previous conviction therein and a certified transcript from the docket of any justice of the peace or a certified copy of the record under seal of the clerk of · any court of record shall be sufficient evidence of any previous conviction or convictions of violations of this act."

Thus there is specified in these two sections, read together, the elements of what may be appropriately called the aggravated offense of unlawfully transporting intoxicating liquor.  It is apparent from the record before us that the prosecuting attorney was seeking a conviction of appellant to the end that he be punished as for a fourth conviction under the act, though, as we shall presently see, the prosecuting attorney has not conceded that the offense of which appellant was actually convicted in this case was other than the simple offense defined by § 18 (Id., § 6262-18) of the act.  The fact of appellant's being convicted upon three former occasions was, we may concede for argument's sake, conclusively proven upon the trial by the introduction of certified copies of the judgments of such convictions, and also by admissions made by defendant upon the witness stand.  However, his plea upon arraignment was "not guilty."

At the conclusion of the trial, the court instructed the jury, in part, as follows:

"In this case the state charges the defendant with transporting intoxicating liquor in the city of Spokane, in this county and state, on May 25, 1918, without having attached to the same or to the package containing it a permit as required by the law of this state passed in 1915. The complaint also charges that the defendant had been theretofore three times convicted

of violating the liquor law of this state passed in 1915. But with this part of the complaint, so far as the questions of defendant's guilt or innocence of the offense with which he is charged in this complaint is concerned, you have no concern and will disregard it. That has regard only to the punishment, with which the jury are in no way concerned.''

This instruction, it is contended, was erroneous in that it was a plain invasion of the province of the jury. This brings us to the question of whether or not §§ 18 and 32 of the act, read together, define a different offense from that defined by § 18 alone. If these two sections do define another and more serious offense than that defined in § 18 alone, in that the prior convictions become substantive elements of another more serious offense, then we see no escape from the conclusion that the trial judge invaded the province of the jury in assuming to take from it by this instruction the deciding of the question of whether or not appellant had been previously convicted as charged in the complaint.

In *People v. Sickles,* 156 N. Y. 541, 51 N. E. 288, the court of appeals of New York had under consideration this same question, in substance. Judge Gray, speaking for the court touching the question of a similar statute defining a separate aggravated offense, as distinguished from the simple original offense therein defined, said:

''The first of these positions is taken upon the language of the section, which reads that 'a person, who, after having been convicted within this state, of a felony . . . commits any crime, within this state, is punishable upon conviction of such second offense, as follows,' etc. It is argued that the words, 'upon conviction of such second offense,' warrant the view that it was not intended that the fact of the former conviction should be used by the prosecution until after the defendant has been found guilty of the of-

fense for which he is being tried. The statute in question is not dealing with, nor regulating, criminal procedure, but is declaring the enhanced penalty which a subsequent offender against the laws of the state will incur upon conviction. When the people present a case under its provisions, the procedure to establish it is governed by the provisions of the Code of Criminal Procedure. The indictment of the person accused of being a second offender must bring the case within the statute by setting forth the facts depended upon for the imposition of the severer punishment prescribed by the Penal Code. *People v. Powers,* 6 N. Y. 50; *Wood v. People,* 53 N. Y. 511; *Johnson v. People,* 55 N. Y. 512. This is necessary in penal proceedings, in order that the defendant may be clearly informed of the charge which he is called upon to meet. The Code of Criminal Procedure requires it, and it is in accord with all just penal legislation. In such a case as this, the charge is not merely that the prisoner has committed the offense specifically described, but that, as a former convict, his second offense has subjected him to an enhanced penalty. In *Wood v. People, supra,* it was held that it was an essential ingredient of the aggravated offense, charged upon the accused, that the alleged felony was committed after a former conviction of an offense, and that the prior conviction entered into and made a part of the offense of which the accused was convicted. Judge Allen observed that, 'When the statute describes the offense, the proof, as well as the allegations of the indictment, must bring the case within the statute. . . . The defendant should be brought within all the material words of the statute, as well by the proofs as by the indictment.' In *Johnson v. People* (*supra*) it was said that, as 'a more severe penalty is denounced by the statute for a second offense, all the facts to bring the case within the statute must be established upon the trial.' "

In *People v. Delany,* 49 Cal. 394, the same conclusion was reached under a similar statute, Judge McKinstry, speaking for the court, observing:

"The former convictions are made to adhere to and constitute a portion of the aggravated offense."

Our recent decision in *State v. Dericho*, 107 Wash. 468, 182 Pac. 597, is in harmony with this view of the law, though it can hardly be said that this exact question was there involved. We are of the opinion that the offense charged, and of which appellant was convicted, is different and a more serious offense than that defined by § 18 of the act, and that it is an offense the substantive elements of which are to be found not alone in that section but in both sections read together.

Nor does the fact that appellant, as we have assumed, was conclusively proven upon the trial to have been previously convicted as charged aid the prosecution here. The fact remains that appellant plead "not guilty," and this being true, it was not possible for the trial court to determine as a matter of law or fact that appellant's previous convictions of the crime charged, had been proven against him. In *State v. Holmes*, 68 Wash. 7, 122 Pac. 345, a case wherein the defendant had plead not guilty, but upon the trial had stipulated as to what the facts were, which facts seemed to conclusively show his guilt, Judge Crow, speaking for the court, said:

"Appellant further contends the trial court erred in directing the jury to return a verdict of guilty. This contention must be sustained. Section 22, art. 1, of the state constitution guarantees to the accused in a criminal prosecution the right to speedy trial by an impartial jury. Section 2309, Rem. & Bal. Code, provides that:

" 'No person informed against or indicted for a crime shall be convicted thereof, unless by admitting the truth of the charge in his plea, by confession in open court, or by the verdict of a jury, accepted and recorded by the court.'

"If the trial judge may be permitted to direct a verdict of guilty in a criminal prosecution, the conviction is his act, and not the verdict of a jury. In *Sparf and Hansen v. United States*, 156 U. S. 51, 105, the court said:

" 'We have said that, with few exceptions, the rules which obtain in civil cases in relation to the authority of the court to instruct the jury upon all matters of law arising upon the issues to be tried, are applicable in the trial of criminal cases. The most important of these exceptions is that it is not competent for the court, in a criminal case, to instruct the jury peremptorily to find the accused guilty of the offense charged or of any criminal offense less than that charged.' "

If a trial court cannot decide as a matter of law or fact, upon a jury trial under any circumstances, that a defendant is guilty—that is, that all of the elements of the crime charged have been conclusively established, manifestly it cannot decide as a matter of law or fact upon such a trial that any one of the substantive elements of the crime charged has been conclusively established. Our recent decision in *State v. Warwick*, 105 Wash. 634, 178 Pac. 977, and former decisions therein cited, support this view of the law. We are quite convinced that the instruction complained of constituted error entitling appellant to a new trial.

In view of what may occur upon a new trial of this case, we deem it proper to make some observations relative to remarks of the court in *State v. Dericho*, 107 Wash. 468, 182 Pac. 597. The following is all that was said in that decision touching the question of submitting to the jury the question of former conviction of the defendant:

"Nor did the court err in instructing the jury to find whether or not appellant was formerly convicted, as a verdict finding a prior conviction is generally held essential to empower the court to impose the increased punishment provided by the act. *State v. Findling*,

*supra; People v. Dueber,* 34 Cal. App. 686, 168 Pac. 578; *People v. Franklin* (Cal. App.), 171 Pac. 441; *Evans v. State,* 150 Ind. 651, 50 N. E. 820.''

A casual reading of these remarks might suggest the conclusion that the court was of the opinion that it would be necessary to have a special finding of the jury upon the question of the defendant's former conviction in a case of this nature. We think, however, the language will not bear such construction, when read in the light of the decisions therein cited. A reference to the cited California cases will disclose that a special verdict upon the question of former conviction was required by express statute of that state; that is—it was required at the time of rendering the decisions in those cases; though apparently it was not required at the time of rendering the decision of the California court in the case of *People v. Delany,* 49 Cal. 394, above noticed and quoted from. Referring to the cited Indiana case, we find its holding to be, in substance, that a general verdict of ''guilty as charged'' constitutes a finding against the defendant upon the question of his prior conviction as charged, there appearing to be no statute in Indiana calling for a special verdict upon that question. We think, therefore, that the above quoted language from *State v. Dericho* is only a recognition that the question of a defendant's former conviction in such cases is a jury question, and is not a holding that a special verdict on that question is necessary to sustain a conviction of the aggravated offense. We are of the opinion, however, that a defendant would, upon request, be entitled to an instruction which would enable the jury to find him guilty only of the simple lesser offense, which is necessarily included in the greater aggravated offense when the charge is made against him as in this case.

The superior court gave the jury, among other instructions, the following:

"If you find that the defendant had hired a taxicab or had the control or direction of it, in which the *suitcases in evidence containing the intoxicating liquor* were carried or taken by the defendant or under his direction, from the Union Station to the apartment house on Washington Street, then he would be carrying or transporting liquor within the meaning of the state law."

We have italicized the words to be particularly noticed. It is contended that this instruction is erroneous to the prejudice of appellant, in that it assumed to be a fact that the suit cases contained intoxicating liquor. This instruction, standing alone, appears to be erroneous under our decision in *State v. Walters*, 7 Wash. 246, 34 Pac. 938, 1098, in that it constitutes a comment upon the facts. Whether or not it is prejudicially erroneous to the extent that it would call for a new trial in this case, when read together with other instructions which seem to clearly tell the jury that they were the judges as to whether the suit cases did contain intoxicating liquor, is a question as to which there seems room for fair argument upon both sides and which we deem it unnecessary to decide at this time. The error, however, being thus pointed out, we think will be sufficient assurance that the superior court in the new trial will not again make such an assumption of fact in its presentation of the case to the jury.

We conclude that appellant is entitled to a reversal of the judgment and to be awarded a new trial. It is so ordered, and the cause is remanded to the superior court with directions to proceed accordingly.

MITCHELL, MACKINTOSH, and MAIN, JJ., concur.

HOLCOMB, C. J. (dissenting)—Not every erroneous instruction to a jury, even in a criminal case, is preju-

dicial or injurious. It must be shown, or necessarily conclusively presumed, to have injured the party complaining.

Conceding that the instruction given the jury that:

"The complaint also charges that the defendant had been theretofore three times convicted of violating the liquor law of this state passed in 1915. But with this part of the complaint, so far as the question of defendant's guilt or innocence of the offense is concerned, you have no concern and will disregard it. That has regard only to the punishment, with which the jury are in no way concerned,"

was erroneous, it manifestly in nowise harmed or prejudiced appellant. It in fact separated the alleged fourth or aggravated offense of having, on a certain day in Spokane county, unlawfully transported liquor, from the previous convictions of similar offenses. As the jury had the case, they could have acquitted the appellant of the fourth offense and thereby acquit him of any offense and preclude any punishment under the complaint.

I concede, also, that, under a plea of not guilty in a criminal prosecution, every element of the offense as laid in the accusation is put in issue and is for the jury to determine, and that the court could not direct a verdict of guilty upon the charge, as held in *State v. Holmes,* 68 Wash. 7, 122 Pac. 345, and other cases cited by the majority. But here the court did not direct a verdict of guilty. He left to the jury the determination of guilt or innocence of the fourth offense and, as stated by the majority,

"The fact of appellant being convicted upon three former occasions was, we may concede for argument's sake, conclusively proven upon the trial by the introduction of certified copies of the judgments of such convictions and also by admissions made by defendant upon the witness stand."

Section 32 of the act (Laws 1915, p. 16) under which the prosecution was instituted says that,

"Prosecuting attorneys . . . shall, in preparing complaints, informations or indictments for subsequent offenses, allege such previous conviction therein and a certified transcript from the docket of any justice of the peace or a certified copy of the record under seal of the clerk of any court of record *shall be sufficient evidence of any previous conviction or convictions of violations of this act.*" Rem. Code, § 6262-32.

The above procedure was strictly followed. What the statute specifies as *sufficient evidence* was produced, and no jury should be allowed to say that it was either in law incompetent as evidence or insufficient in weight. Not merely "for argument's sake," but positively and incontestibly was the fact of three former convictions proven. The certified copies of judgments of conviction of competent courts of one Charles Dale were unimpeachable. *State v. Dericho,* 107 Wash. 468, 182 Pac. 597. Nothing more was necessary than proof of the identity of the accused. The sworn admissions of this Charles Dale of his three former convictions in the courts from which the records came of the same offenses so certified conclusively and incontestibly established his identity. Even though his plea to the charge herein was not guilty, if he were proven beyond a reasonable doubt to the satisfaction of the jury to have been guilty of the fourth offense then charged only, he was then incontestably in law proven guilty of all the charge; and the jury found him "guilty as charged in the complaint."

Our statutes provide that the jury shall determine the guilt and the court shall assess the punishment (in all except first degree murder convictions). While, technically, in the present case, the court, by his

charge, told the jury not to ''concern themselves with the question of prior convictions of defendant but only to regard the guilt or innocence of defendant of the offense with which he is charged in the complaint,'' it was essentially submitting to the jury the only issues under which there was the slightest conflict of fact, the ultimate question which would determine whether or not any punishment would be inflicted, and was not a plain invasion of the province of the jury such as would be the case where there was any fact, circumstance, or reasonable inference deducible from facts and circumstances that might justify a contrary result on the facts.

Our holding in *State v. Dericho, supra,* is not inconsistent with these comments although the trial court there took the opposite course to that of the trial judge here, and it was approved. My contention is that, under the record in this case, the former convictions were conclusively established as a matter of law and as to that element of the charge there was no question or conflict to be submitted to the jury.

I have much graver doubts as to the correctness of the other instruction criticized by the majority, and would be confident that it contained an unconstitutional comment on evidence, but that, as the majority say, ''When read together with other instructions which seem clearly to tell the jury that they were to judge whether the suit cases did contain intoxicating liquor,'' might render the criticized portion unprejudicial. If the case is to be retried, however, I agree with the suggestion that the criticized portion should be corrected.

In the other respects I must dissent from the majority.