[No. 16299.   Department Two.   August 24, 1921.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE
STEINLE, *alias* GEORGE BENSON, *et al., Appellants.*[1]

CRIMINAL LAW (460)—INTOXICATING LIQUORS (30, 51)—UNLAWFUL
POSSESSION—FORMER CONVICTIONS—INSTRUCTIONS. In a prosecution for
the aggravated offense of bootlegging after having been previously
convicted of violation of the liquor laws, under Laws 1917, ch. 19,
which provides (§ 15) that a certified record of a former conviction
"shall be sufficient evidence and proof of such previous conviction
or convictions," it is error to instruct that the jury had no right to
take into consideration the prior conviction of defendant of the
offense of violating the liquor laws of the state, except so far as it
might affect his credibility as a witness; since under Art. 1, § 22,
of the constitution, guaranteeing the right of trial by jury in crim-
inal cases, the legislature could not empower the courts to declare
as a matter of law that the "proof" produced was sufficient.

SAME (460)—INTOXICATING LIQUORS—FORMER CONVICTIONS—STAT-
UTES—AMENDMENT—PROOF AND SUFFICIENCY OF EVIDENCE.   An in-
struction in a prosecution for bootlegging that, if the jury failed to
find the defendant guilty of that charge, they might find him guilty
of the lesser charge of unlawful possession of intoxicating liquor,
was erroneous, where the evidence on which the instruction was
based was that, at another time and place, a small quantity of in-

[1]Reported in 200 Pac. 313.

toxicating liquor of similar appearance was found at his home,
which was considerably distant from the place where he was charged
with bootlegging.

Appeal from a judgment of the superior court for
San Juan county, Pemberton, J., entered October 30,
1920, upon a trial and conviction of bootlegging. Re-
versed.

*Clarence L. Reames,* for appellants.

*The Attorney General, O. R. Schumann, Assistant,*
and *Samuel R. Buck (Nat U. Brown,* of counsel), for
respondent.

TOLMAN, J.—Appellants were separately informed
against, charged with the crime of bootlegging. The
information against George Steinle charged that he had
theretofore been twice convicted of an offense in viola-
tion of the prohibition statutes, and the information
against Ernest Steinle charged one such prior convic-
tion. The causes were consolidated and tried together.
The jury returned a verdict against each of the appel-
lants, "guilty of unlawful possession of intoxicating
liquor," and from a judgment on the verdict, the de-
fendants appeal.

The trial court, over the objections and exceptions
of appellants, instructed the jury:

"I charge you that you have no right to and must
not take into consideration the fact that the defendant
or defendants have heretofore been convicted of an of-
fense of violating the liquor laws of this state, except
so far as it may affect their credibility as a witness in
this case."

Substantially the same instruction was passed upon
by this court in *State v. Dale,* 110 Wash. 181, 188 Pac.
473, and there held to be erroneous, and since the sub-

ject was there fully discussed and the reasons for the ruling stated, we need not again review the subject.

But it is pointed out by the state that the statute with reference to previous convictions which was considered in the *Dale* case was Rem. Code, § 6262-32, which reads:

"   . . . and a certified transcript from the docket of any justice of the peace or a certified copy of the record under seal of the clerk of any court of record shall be sufficient evidence of any previous conviction or convictions of violations of this act;"

while the present prosecution is based upon the amendment of 1917 (ch. 19, Laws of 1917, p. 61, § 15), which inserts, after the word "evidence", the words "and proof," so that the statute now reads:

"   . . . and a certified transcript from the docket of any justice of the peace, or a copy of the record of any court of record, certified by the clerk thereof under the seal of the court, shall be sufficient evidence and proof of such previous conviction or convictions."

We cannot hold that the change in the statute alters the situation. Under the constitution, art. 1, § 22, the right of trial by jury is unqualifiedly accorded to one charged with a crime, and in the face of that provision the legislature may not (if the amendment was so intended), empower the courts, as a matter of law, to declare the proof sufficient, and the defendant therefore guilty.

Since our conclusion upon the point just discussed calls for a new trial, we find it necessary to refer to only one other of the many errors assigned. The court instructed the jury, in effect, that if the jury failed to find the defendants guilty of bootlegging, as charged, then it might find them guilty of the lesser charge of unlawful possession of intoxicating liquor, and defined

such possession, apparently following the instructions approved in the case of *State v. Spillman,* 110. Wash. 662, 188 Pac. 915; but the evidence in the *Spillman* case justified such a charge, while here it did not. The evidence of the person said to have purchased the liquor from the appellants was of such a character that, if believed by the jury, must have been followed by a verdict of "guilty as charged"; but in rebuttal, under a so-called "gentleman's agreement", the state was permitted to offer evidence to the effect that, after the arrest of appellants, and while they were confined in jail, their home, which was considerably distant from the place where the offense charged in the informations was said to have been committed, was searched and a small amount of liquor, similar in appearance to that which they were alleged to have sold, was there found. While the similarity in appearance of the liquor found with that alleged to have been sold might make this evidence proper on rebuttal, the jury should have been advised that the evidence was admitted only for the purpose of corroborating the prosecuting witness. The failure to so limit the effect of this evidence, and the giving of the instruction now under consideration, erroneously permitted the jury to find that the appellants had no liquor and sold none at the time and place charged, but were guilty of having unlawful possession of intoxicating liquor at a wholly different time and place; or, in other words, while not guilty of the offense charged, were guilty of a wholly different and separate offense committed at a wholly different time and place, with which they were not charged. We do not understand that there is any authority for a criminal prosecution except the nature and cause of the accusation be set forth as required by the constitutional provision hereinbefore referred to.

. The judgment of conviction is reversed, and the cause remanded with instruction to grant the motion for a new trial.

PARKER, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.