[No. 18108. Department One. March 4, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v.
ALBERT MAGNUSSON, *Appellant*.[1]

INTOXICATING LIQUORS (42)—BOOTLEGGING—INFORMATION—PREVIOUS CONVICTIONS—SUFFICIENCY. An information for bootlegging may charge two previous convictions of liquor in possession, notwithstanding under Rem. Comp. Stat., § 7328, making bootlegging a felony, there can be no increased punishment of a felony by reason of such prior convictions; since, under such information, the accused may be convicted of the lesser offense of liquor in possession, and by Id., § 7339, increased punishments are fixed for second and third convictions of liquor in possession; and especially in view of the requirement that prosecuting attorneys allege such previous convictions.

CRIMINAL LAW (460)—INTOXICATING LIQUORS (49)—PRIOR CONVICTIONS—EVIDENCE—ADMISSIBILITY. In a prosecution for bootlegging, it was not error to refuse to withdraw from the consideration of the jury evidence to show alleged prior convictions, which was insufficient in probative force to establish prior convictions warranting any aggravation of the punishment, where, under the evidence,

[1]Reported in 223 Pac. 325.

the accused could have been guilty only of bootlegging and not of any offense the punishment of which would be aggravated by prior convictions.

SAME (312)—INTOXICATING LIQUORS (51)—BOOTLEGGING—PREVIOUS CONVICTIONS—INSTRUCTIONS. Error in submitting, in a prosecution for bootlegging, an issue as to prior convictions of unlawful possession without sufficient evidence thereof, is cured where the accused, on cross-examination, admitted to having been theretofore convicted of unlawful possession, and by instructions limiting the effect of such prior convictions to the question of the credibility and weight of the testimony given by the accused.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 24, 1923, upon a trial and conviction of the crime of bootlegging. Affirmed.

*Joseph J. Lavin,* for appellant.

*Chas. H. Leavy* and *Louis F. Bunge,* for respondent.

PARKER, J.—The defendant, Magnusson, was, by information filed in the superior court for Spokane county, charged as follows:

"Comes now the prosecuting attorney in and for Spokane county, state of Washington, and charges the defendant Albert Magnusson with the crime of being a bootlegger, committed as follows:

"That the said defendant Albert Magnusson, in the county of Spokane, state of Washington, on or about the 13th day of August, 1922, then and there being, did then and there wilfully, unlawfully and feloniously carry about with him intoxicating liquor, to-wit: whiskey, for the purpose of the unlawful sale of the same, said intoxicating liquor being then and there capable of being used as a beverage.

"That the said defendant Albert Magnusson was heretofore and on June 18, 1921, convicted in the above entitled court of the crime of having intoxicating liquor in his possession; that the said defendant Albert Magnusson was heretofore on October 10, 1921, convicted in the justice court of the state of Washington, Spokane

Precinct, said county and state, before the Hon. G. W. Stocker, Justice of the Peace, of the crime of having intoxicating liquor in his possession.''

A trial of the defendant in that court resulted in a verdict of ''guilty as charged in the information,'' and the rendering of judgment thereon sentencing him to imprisonment in the penitentiary, from which he has appealed to this court.

It is first contended in behalf of appellant that the information does not conform to the requirements of the code, in that it charges him with two previous convictions of having intoxicating liquor in his possession, together with the commission of the felony of being a bootlegger. This, it is argued, was error to the prejudice of appellant, because the alleged previous convictions could not, in legal effect, add anything by way of aggravation to the alleged felony charge of being a bootlegger. In our prohibition law, referring to sections of Rem. Comp. Stat., we read:

''It shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol.

''Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a 'jointist.' Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a 'bootlegger.' Any person convicted of being either a 'jointist' or 'bootlegger' as herein defined shall be deemed guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years.'' (Rem. Comp. Stat., § 7328.) [P. C. § 3179h.]

''Every person convicted the second time of a violation of any provision of this act, for which the punishment is not specifically prescribed, shall be punished

by a fine of not less than two hundred nor more than five hundred dollars and by imprisonment in the county jail for not less than thirty days nor more than six months and every person convicted the third time of a violation of any provision of this act shall, for such third and each subsequent conviction, be punished by imprisonment in the penitentiary for not less than one nor more than five years. Every prosecuting attorney, and every justice of the peace, having knowledge of any previous conviction or convictions of any person accused of violating this act, shall in preparing a complaint, information or indictment, for subsequent offenses, allege such previous conviction or convictions therein, and a certified transcript from the docket of any justice of the peace, or a copy of the record of any court of record, certified by the clerk thereof under the seal of the court, shall be sufficient evidence and proof of such previous conviction or convictions." (Rem. Comp. Stat., § 7339.) [P. C. § 3194.]

It will be noticed that the prescribed punishment for a third conviction of "a violation of any provision of this act" is exactly the same as the prescribed punishment for a single conviction of the felony of being a bootlegger, and that there cannot be any increased punishment for the latter because of any previous conviction of any violation of our prohibition law. This, it is contended, renders the charging of prior convictions wholly inapplicable in connection with a charge of bootlegging, and prejudicial to the rights of an accused person so charged. One answer to this contention seems to us to be found in the fact that a charge of bootlegging as here made includes the lesser misdemeanor charge of unlawful possession of intoxicating liquor (*State v. Spillman*, 110 Wash. 662, 188 Pac. 915), which offense is punishable only by a fine or imprisonment in the county jail (§ 7338, Rem. Comp. Stat.) [P. C. § 3193]; and hence a charge capable of being aggravated by previous convictions so as to call

for greater punishment in pursuance of § 7339 above quoted. Another answer to this contention, it might well be argued, is found in the seemingly mandatory language of § 7339, that "every prosecuting attorney . . . having knowledge of any previous conviction or convictions of any person accused of violating this act, shall, in preparing a complaint, information or indictment for subsequent offenses, allege such previous conviction or convictions therein." However, we leave now undecided the question of a prosecuting attorney's duty of making such charge of previous convictions in prosecutions for the felony charges of bootlegging. We conclude that the information conforms to the requirement of the code, and that the court did not err in overruling appellant's demurrer to the information.

At the conclusion of the introduction of evidence in behalf of the prosecution, counsel for appellant moved the court to take from the consideration of the jury the alleged two previous convictions, on the ground "that there is no proof that this particular defendant was heretofore convicted of two violations of the liquor law;" the objection manifestly going solely to the question of the want of sufficient proof of the identity of appellant with the persons shown to have been twice previously convicted. There had then been introduced in evidence by the prosecution two duly certified records of convictions of the offense of unlawful possession of intoxicating liquor; one showing such conviction of Albert Magnussen in the superior court for Spokane county, and the other showing such conviction of Albert Magnusson in a justice court in Spokane precinct, in Spokane county; the defendants in each of those cases being fined $250 upon such convictions. Nothing had then appeared in the evidence in this case

18—128 WASH.

tending to show the defendants named in those cases to be the same person as this appellant, other than the similarity of name, the fact that counsel of the same name represented the defendants in both of those cases and in this case, and the fact that those prior convictions occurred in courts in the same city and county in which the prosecution of this case occurred.

If previous convictions of unlawful possession of intoxicating liquor had the legal effect of aggravating the felony of bootlegging into a higher crime, calling for a greater punishment than the single offense of bootlegging, it may well be doubted that this attempted proof of appellant's two previous convictions was sufficient to identify him as the persons previously so convicted. But, as we have seen, manifestly that is not the legal effect of any such previous convictions upon the crime of bootlegging, since previous convictions can in no event warrant a punishment greater than for the single crime of bootlegging. In other words, the previous convictions cannot inhere in and become a part of the crime of bootlegging in the sense of making that legally a greater offense calling for increased punishment, as it can and does with reference to such lesser crimes as were drawn in question in *State v. Dericho,* 107 Wash. 468, 182 Pac. 597, and *State v. Dale,* 110 Wash. 181, 188 Pac. 473. The evidence renders it plain that the jury was bound to find the defendant guilty of bootlegging or find him not guilty of any offense, since all of the evidence which tended to show that he had liquor in his possession was positive evidence of the fact of his actual sale of the liquor and the delivery of it at the time of sale. In other words, if he did not sell liquor as a bootlegger, manifestly he did not have it in his possession. We make this observation to show that there was no question in the case, so

far as the evidence disclosed, of the prior convictions
aggravating the lesser offense of unlawful possession
of intoxicating liquor, as contemplated by § 7339 above
quoted.

We conclude, therefore, that in so far as the suf-
ficiency of the proof of the identity of appellant as
the same person twice previously convicted, as evi-
denced by these certified records of conviction is con-
cerned, such proof was not so far wanting in probative
force as to call for its exclusion solely upon that
ground, though it might be held that such proof was so
wanting in probative force as to cause the withdrawal
thereof from the consideration of the jury, if such
previous convictions were such as could inhere in and
become a part of any aggravated offense of which ap-
pellant could be convicted under the evidence in this
case; and this is as far as we are called upon to go in
answer to this particular contention. Whether or not
for other reasons the trial court erred to the prejudice
of appellant in thereafter allowing to go to the con-
sideration of the jury the question of appellant's al-
leged prior convictions is another question which we
will now notice.

The trial court, by its instructions, in effect sub-
mitted to the jury the question of appellant having
committed the felony of being a bootlegger, and also
the question of him having twice previously been con-
victed of unlawful possession of intoxicating liquor,
withholding from the jury, as we have seen the evi-
dence warranted, the question of appellant being guilty
of mere unlawful possession of intoxicating liquor. In
view of what we have said thus far, this may seem to
have been error prejudicial to appellant; but we think
it was not so in view of what occurred upon the trial
after the prosecution rested at the conclusion of the

introduction of its evidence in chief.   Upon cross-examination appellant admitted to having been theretofore twice convicted of unlawful possession of intoxicating liquor; such inquiry and answer being made without objection from appellant's counsel and without any request to limit the effect of such evidence.   If the trial court erred in submitting to the consideration of the jury the question of appellant's prior convictions as such convictions were so sought to be proven, it seems to us the prejudicial effect of any such error was cured by the court giving to the jury an instruction as follows:

"If the jury find from the evidence that the defendant, Albert Magnusson, was prior to the 13th day of August, 1922, convicted of offenses under the laws of this state, the jury may take the fact of such convictions, if any, into consideration as affecting the credibility and weight of the testimony given by the defendant; but they will not take such fact, if they find it to be a fact from the evidence, into consideration in determining whether or not the defendant did on or about the 13th day of August, 1922, wilfully, unlawfully and feloniously carry about with him intoxicating liquor, to-wit: whiskey, for the purpose of the unlawful sale thereof."

While the trial court gave, previous to the giving of this instruction, other instructions which seem to have submitted to the jury the question of appellant's previous convictions, it appears from the record that the jury must have found the defendant guilty of being a bootlegger, although it also seemed to find by its verdict of "guilty as charged in the information" that he was twice previously convicted of the unlawful possession of intoxicating liquor.   This last quoted instruction, it seems to us, must have been a plain guide to the jury not to consider any such prior convictions as of any weight in determining the question of appellant's

guilt of being a bootlegger, other than as such prior convictions might be viewed by the jury as affecting the weight of appellant's testimony as a witness. We see nothing in the record or the instructions which we can regard as likely to have impaired in the minds of the jurors the full force and effect of this last above quoted instruction. We conclude that whatever technical error may have been committed by the court allowing the jury to consider the question of appellant's alleged prior convictions of unlawful possession of intoxicating liquor, apart from the consideration of such convictions as affecting the weight of the testimony of appellant as a witness, was not prejudicial error such as to call for a reversal of the judgment.

Some of the other instructions are complained of, but we think it sufficient to say that, read in connection with others given by the court, they were not erroneous. The record discloses a presentation of the case to the jury in a somewhat involved manner, not to be commended as a model of proper presentation of such a case, but upon the whole record we are unable to see that appellant has had other than a fair trial free from prejudicial error.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, and TOLMAN, JJ., concur.