[No. 40209. Department Two. July 10, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID S. NASS, *Appellant*.*

*Samuel J. Allotta* and *Edwin J. Wheeler*, for appellant.

*Ronald L. Hendry, Joseph D. Mladinov*, and *Eugene G. Olson*, for respondent.

ROSELLINI, J.—The appellant was charged with an unlawful sale of a narcotic drug (marijuana), in violation of RCW 69.33.230, which provides:

It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter.

*Reported in 456 P.2d 347.

He was found guilty upon evidence which showed that the sale was made to a man 22 years of age, who was an informer for the Tacoma vice detail; that the informer gave the money to the appellant, who told him in answer to his inquiry that he could procure a "lid" of marijuana for him for $20; that the appellant took the money to his supplier, one Mike Trenton (whose age is not revealed by that portion of the record which is before us); and that Mike Trenton procured the marijuana and gave it to one Merle McClelland, who delivered it to the informer in the presence of the appellant. McClelland testified that he was 19 years of age at the time of the trial. McClelland was charged as a codefendant with the appellant, but he pleaded guilty and agreed to testify for the state and was given a deferred sentence.

The complaint did not allege that the sale involved a minor. Nevertheless, when the trial court pronounced sentence, it observed that there was evidence that the appellant's codefendant was a minor at the time of the transaction. The court concluded that RCW 69.33.410 (4) required that a minimum sentence of 20 years and a maximum sentence of 40 years, plus a fine, should be imposed. The appellant's sole contention is that the court erred in imposing sentence under subdivision (4) of RCW 69.33.410, rather than under subdivision (1) which provides:

For the first offense the offender shall be guilty of a felony and the court shall impose a fine of not to exceed ten thousand dollars and a sentence of not less than five years or more than twenty years in the state penitentiary, or both such fine and imprisonment; . . .

Subdivision (4) provides:

For any offense under the provisions of this chapter knowingly involving a sale to or other transaction with a minor the offender shall be guilty of a felony and shall be fined not more than fifty thousand dollars and be imprisoned in the state penitentiary not less than twenty or more than forty years.

The theory of the appellant is that, since the increased punishment prescribed by subdivision (4) can be imposed

only if the transaction was with a minor and the defendant knew that the person was a minor, those facts must be alleged in the information so that the defendant will have notice and an opportunity to present evidence showing that the party with whom he transacted was not a minor or that he did not know he was a minor.

■ In a criminal case, the court is only empowered to enter a sentence prescribed for the crime charged. *Persinger v. Rhay,* 52 Wn.2d 762, 329 P.2d 191 (1958); *Moon v. Cranor,* 35 Wn.2d 230, 212 P.2d 775 (1949).

■ Nowhere in the statute is a transaction with a minor made a substantive crime, therefore we must conclude that the minority of the person with whom a prohibited transaction takes place is only a factor which affects the severity of the punishment. The question remains, must that factor be alleged and proved?

■ It is the rule that, where a factor aggravates an offense and causes the defendant to be subject to a greater punishment than would otherwise be imposed, the issue of whether that factor is present must be presented to the jury upon proper allegations and a verdict thereon rendered before the court can impose the harsher penalty. *State v. Dericho,* 107 Wash. 468, 182 P. 597 (1919); *State v. Dale,* 110 Wash. 181, 188 P. 473 (1920). *See also State v. Magnusson,* 128 Wash. 541, 223 P. 325 (1924) and *State v. Harkness,* 1 Wn.2d 530, 96 P.2d 460 (1939).

In *State v. Harkness, supra* at 543, we cited with approval the case of *State v. Smith,* 129 Iowa 709, 106 N.W. 187 (1906), wherein the court said:

". . . Every fact essential to the infliction of legal punishment upon a human being must be proven beyond a reasonable doubt. . . ."

And in *State v. Dale, supra* at 185, we quoted with approval the following language of Judge Gray, speaking in *People v. Sickles,* 156 N.Y. 541, 51 N.E. 288 (1898):

". . . The indictment of the person accused of being a second offender must bring the case within the statute by setting forth the facts depended upon for the imposition of the severer punishment prescribed by the Penal

Code. [Citing cases.] This is necessary in penal proceedings, in order that the defendant may be clearly informed of the charge which he is called upon to meet. The Code of Criminal Procedure requires it, and it is in accord with all just penal legislation. . . ."

At common law, it was once thought proper to allege and prove that the defendant had been convicted of prior offenses in the prosecution of the main action, where such prior convictions aggravated the penalty. However, this court has held that an action to determine the status of a habitual criminal (under RCW 9.92.090) may not be joined with the substantive offense but must be brought as a supplemental proceeding. *State v. Kirkpatrick,* 181 Wash. 313, 43 P.2d 44 (1935). Recalling that, in *State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 P. 784, 250 P. 469 (1926), attention was drawn to the grave danger of prejudice necessarily flowing from a presentation to the jury of the evidence of previous convictions, which no instruction could be expected to erase, this court refused to give further condonation to this practice. We said:

> If it was not made sufficiently clear in the *Edelstein* case, we now say that we refuse to be bound by an archaic common law practice which impinges upon the fair and impartial trial guaranteed by the constitution to everyone charged with a criminal offense.

*State v. Kirkpatrick, supra* at 316. *See also State v. Delano,* 189 Wash. 230, 64 P.2d 511 (1937).

It is obvious that evidence of former convictions is so prejudicial in its nature that its tendency to unduly influence the jury in its deliberations regarding the substantive offense outweighs any legitimate probative value it might have in establishing the probability that the defendant committed the crime charged. It does not follow that proof of the minority of the person to whom a defendant sold or otherwise supplied a narcotic drug will tend to influence the jury's determination of whether the alleged crime was or was not committed. In other words, we think it safe to surmise that a juror will not reason that, because a sale was alleged to have been made to a minor, it was more

likely that the defendant made the sale than it would have been had the sale been made to an adult. Whereas it is almost inevitable that a juror will reason that, if a defendant committed other similar offenses, he probably committed the one presently charged, even though the proof may not be otherwise convincing.

At any rate, the appellant does not maintain that he would be prejudiced by an inclusion in the information of allegations that the sale or other transaction involved a minor and that the appellant knew it. In fact, he alleges that he had a constitutional right to be advised in the information of these additional charges. Furthermore, the respondent did not file a supplemental charge and does not now suggest that it had a right to do so. If the respondent felt that it had such a right and that the time for exercising it has not expired, it should have asserted its theory in its brief. Instead, it has contented itself with an argument that the statute does not provide for notice and hearing and, in brief, that no authority for the appellant's contentions exists. Therefore, it would be unjust to the appellant to permit the respondent, after the case is remanded for imposition of a proper sentence, to assert a right to file a supplemental information. That right, if it existed, has been waived.

We hold, in harmony with the cited cases and the principles stated therein, that the fact that the transaction was had with a minor and that the appellant knew of his minority must be alleged and proven before the increased penalty provided by RCW 69.33.410(4) can be imposed. There having been no such allegations in the charges brought against the appellant, the trial court erred in imposing sentence under that provision.

Since the disposition of the first contention of the appellant requires that his sentence be vacated and a sentence consonant with the allegations contained in the information be imposed, we need not consider a further contention that the appellant's communications with his codefendant Mc-Clelland, the minor, were not a "transaction" punishable under the narcotic drug act and consequently that his of-

fense did not "involve" a minor within the meaning of the statute.

The appellant does not challenge the validity of the statute under which he was charged or its applicability to his alleged offense. He does not contend that any error occurred at the trial other than the error in sentencing.

The sentence is vacated and the cause remanded with directions to sentence the appellant according to the provisions of RCW 69.33.410 (1).

HUNTER, C. J., FINLEY and NEILL, JJ., and ENNIS, J. Pro Tem., concur.